UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-19-MOC-WCM

| | |
|---|---|
| ROBERT HARRISON KALK, ) <br> ) <br> **Plaintiff, pro se,** ) <br> ) <br> vs. ) <br> ) <br> QUENTIN MILLER, Buncombe County ) <br> Sheriff, et al., ) <br> ) <br> **Defendants.** ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on a Motion to Dismiss for Failure to State a Claim pursuant to FED. R. CIV. P. 12(b)(6), filed by Defendants Quentin Miller, Jeffrey Littrell, and the Buncombe County Sheriff's Department. (Doc. No. 4).

I.  BACKGROUND

On February 2, 2022, pro se Plaintiff Robert Harrison Kalk filed this action, pursuant to 42 U.S.C. § 1983, against Buncombe County Sheriff Quentin Miller ("Miller"), Buncombe County Captain Jeffrey Littrell ("Littrell"), and the Buncombe County Sheriff's Department (herein "BCSD"), alleging that Defendants violated various of his rights under the U.S. Constitution. Plaintiff brings claims against Miller and Littrell in their individual and official capacities.

Plaintiff's action stems from being arrested in Buncombe County in January 2022 and held in the Buncombe County Detention Center on an extradition warrant from Tennessee. Based on his arrest, detention, and treatment while in the detention center, Plaintiff purports to bring various claims of violations of his constitutional rights under the Fourth, Fifth, Sixth, Eighth and

1

Fourteenth Amendments.

Plaintiff alleges that his Fourth Amendment rights were violated because he was seized at his home by an arrest team composed of three Buncombe County deputies, acting in good faith, upon an Extradition Warrant secured in bad faith. (Doc. No. 1, p. 4). Plaintiff further alleges that, upon arrest, he was deprived of insulating clothing before being held in a refrigerated tank and was required to sit, lay, and sleep on heat-sinking concrete benches and floors without either a pillow or blanket. (Id.).

Plaintiff alleges that his Fifth Amendment rights were violated because Tennessee conducted no substantive due process and there was no presumption of innocence. (Id.). Plaintiff further alleges that no notice was given before his arrest, thus subjecting him to punitive measures. (Id.).

Plaintiff alleges that his Sixth Amendment rights were violated because he did not have counsel present at questioning before any charges were filed. (Id.). Plaintiff also alleges that he was deprived of the ability to communicate with court-appointed counsel for four days and nights. (Id.). Plaintiff alleges that the Detention Center's HomeWav system would not let him call his attorney or his pastor although both appeared on his contact list. (Id.). Plaintiff further alleges that the system displayed "Pending Approval" because "the Captain" had not authorized those contacts. (Id.). Plaintiff also alleges that his right to be informed has been abridged (Id., p. 5) and that the State of Tennessee has engaged in selective prosecution. (Id.).

Plaintiff alleges that his Eighth Amendment rights[1] have been violated because depriving a prisoner of clothing that might insulate the torso before putting him in an unheated "tank"

---

[1] Because Plaintiff was apparently a pre-trial detainee rather than a convicted prisoner, his claim would correctly be brought as a Fourteenth Amendment due process claim.

without a pillow or blanket, to sleep directly on the cold concrete floor, constitutes cruel and unusual punishment for any detainee that is supposed to be presumed innocent. (Id.).

Plaintiff alleges that his Fourteenth Amendment rights were violated because Tennessee's actions involving North Carolina served to short circuit due process in a way that imposed a deprivation of rights upon Plaintiff. (Id.). Plaintiff alleges that because Tennessee failed to provide even the most basic notification before filing for Extradition, Tennessee is also offloading their own administrative burdens and expenses onto the taxpayers within Buncombe County, North Carolina. Plaintiff also alleges that the falsified affidavit was an integral part of the Extradition Petition, which should have resulted in an immediate invalidation ruling and a dismissal. (Id.). Finally, Plaintiff alleges that, from the time this defect was brought to the attention of the North Carolina court, four days and nights had elapsed before Plaintiff's release from detention. (Id.).

As relief, Plaintiff seeks compensatory and punitive damages, as well as an apology letter from Defendants. (Id.).

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because he is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. DISCUSSION

**A. Plaintiff's Claims of Constitutional Violations against Quentin Miller and Jeffrey Littrell in their Official Capacities**

First, to the extent that Plaintiff has sued Defendants Miller and Littrell in their official capacities, the claim is against the Sheriff of Buncombe County. Plaintiff has not alleged, however, that any of the constitutional deprivations were caused because of a policy or practice of the Sheriff of Buncombe County. Municipalities are not liable under § 1983 based on a theory of respondent superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A town is only liable for injuries stemming from a deprivation under § 1983 if it causes such a deprivation through an official policy or custom. Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). An official policy may arise from written ordinances and regulations, affirmative decisions of policymaking individuals or omissions of policymakers manifesting deliberate indifference to the rights of citizens. Id. "In order for a § 1983 claim to survive a motion to dismiss, it is well-established that a plaintiff is required to allege that the District's policy or customs deprived the

4

plaintiff of her rights." Mosely-Jenkins v. Orangeburg Cty. Consol. Sch. Dist. 4, 2020 WL 1443262, at *3 (D.S.C. Mar. 25, 2020).

Here, Plaintiff failed to make any allegation that a Sheriff's Office policy, custom, or practice caused his alleged constitutional deprivations. Since Defendants Miller and Littrell cannot be liable for a § 1983 violation under the legal theory of respondeat superior, Plaintiff's claims against Defendants Miller and Littrell in their official capacities must be dismissed.

In sum, for this reason, the Court will grant the motion to dismiss as to Plaintiff's claims against Defendants Miller and Littrell in their official capacities.

**B. Plaintiff's Claims of Constitutional Violations against Quentin Miller and Jeffrey Littrell in Their Individual Capacities**

As noted, Plaintiff purports to bring claims for violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff has failed to allege, however, that Defendant Miller or Defendant Littrell personally caused any of the alleged constitutional violations. "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights. The doctrine of respondeat superior has no application under this section." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Plaintiff has failed to attribute any of the alleged constitutional violations to conduct performed by either Defendant Miller or Littrell. Indeed, aside from naming them as Defendants, Plaintiff does not include any factual allegations against Defendant Miller and Littrell in the Complaint.

Nor has he plausibly alleged facts sufficient to state a claim based on supervisory liability. To be personally liable as a supervisor, the Plaintiff must allege the following:

> that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that

5

knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal citations and quotation marks omitted).

In sum, for this reason, the Court will grant the motion to dismiss as to Plaintiff's claims against Defendants Miller and Littrell in their individual capacities.

### C. Plaintiff's Claims against the Buncombe County Sheriff's Department

Finally, Plaintiff named the Buncombe County Sheriff's Department as a Defendant in this action. "The capacity of a government body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. Burke Cnty., 660 F.2d 111, 113–14 (4th Cir. 1981); see also FED. R. CIV. P. 17(b). A sheriff's department in North Carolina is not an entity capable of suit. See Parker v. Bladen Cnty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008); Bettis v. Madison Cnty. Sheriff's Dep't, No. 1:10–cv–69–RJC, 2012 WL 161250 (W.D.N.C. Jan. 19, 2012). Therefore, the Court will dismiss the Buncombe County Sheriff's Department as a defendant in this action.

### IV.  CONCLUSION

For the reasons stated herein, the Court grants the motion to dismiss and dismisses this action with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1.  Defendants' Motion to Dismiss, (Doc. No. 4), is **GRANTED**.

2.  This action is dismissed with prejudice.

3.  The Clerk is directed to terminate this action.

6

Signed: May 6, 2022

Max O. Cogburn Jr
United States District Judge